1

**UNITED STATES DISTRICT COURT**

2

**DISTRICT OF NEVADA**

3

5AIF SYCAMORE 2, LLC,                                   Case No.: 2:22-cv-01161-APG-NJK

4

     Plaintiff                                                **Order Remanding Case**

5

v.

6

JEAN WHITE,

7

     Defendant

8       Defendant Jean White removed this case from state court based on diversity and federal

9  question jurisdiction. ECF No. 1.  It appeared there was no subject matter jurisdiction, so I

10  ordered White to show cause why I should not remand this case to state court. ECF No. 5.

11  White's response does not satisfy her burden to show removal was proper. ECF No. 7.

12       As to diversity, federal district courts have original jurisdiction under 28 U.S.C. § 1332

13  over civil actions "where the matter in controversy exceeds the sum or value of $75,000" and

14  where the matter is between "citizens of different States."  As I previously advised White, a

15  limited liability company "is a citizen of every state of which its owners/members are citizens."

16  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

17  Consequently, stating that the plaintiff is a Delaware entity or that it is owned by Delaware

18  limited liability companies does not suffice to show complete diversity between the plaintiff and

19  the defendant. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)

20  (providing that diversity jurisdiction requires complete diversity, meaning the plaintiff cannot be

21  a citizen of the same state as any defendant).

22       As to federal question jurisdiction, the complaint asserts only state law claims. ECF No.

23  1-1 (asserting claims for breach of contract and declaratory relief).  Consequently, there is no

basis for federal question jurisdiction. *See* 28 U.S.C. § 1331 (granting federal district court

jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United

States"). The fact that the defendant may have federal defenses is not enough to support

jurisdiction on removal. *See Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007)

(The "existence of a defense based upon federal law is insufficient to support jurisdiction."

(quotation omitted)).

      White has not met her burden of showing that subject matter jurisdiction exists in this

court. Consequently, I remand the case to state court.

      I THEREFORE ORDER that this case is remanded to the state court from which it was

removed for all further proceedings. The clerk of the court is instructed to close this case.

      DATED this 4th day of August, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE