UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| 5AIF SYCAMORE 2, LLC, | Case No.: 2:22-cv-01161-APG-NJK |
| Plaintiff | **Order Granting Motion to Reconsider** |
| v. | [ECF No. 9] |
| JEAN WHITE, | |
| Defendant | |

On July 27, 2022, I ordered defendant Jean White to show cause why I should not remand this case to state court for lack of jurisdiction. ECF No. 5 ("OSC"). On August 3, 2022, White filed a "Statement of the Case." ECF No. 7. I incorrectly treated that as her response to my OSC even though her response was not due until August 19. I then remanded this case to state court. ECF No. 8. White now asks me to reconsider my remand order because I denied her the opportunity to fully respond to my OSC. ECF No. 9. It is unclear whether diversity jurisdiction exists over this dispute, but White raises enough questions to warrant jurisdictional discovery. I therefore will reconsider my remand order.

A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). White's response to my OSC lists four generations of LLC-parent entities for plaintiff 5AIF Sycamore 2, LLC (Sycamore). ECF No. 9 at 8-9. Yet White stops her analysis at 5 Arch Group, LLC without identifying its members' citizenship. White must drill back further in the generations until she comes to a corporation or real person. Thus, she has not yet demonstrated that complete diversity exists between her and the defendant. But her response raises issues regarding jurisdiction that are worth exploring.

One of Sycamore's parent LLCs (5 Arch Group, LLC) filed a document with the California Secretary of State listing Shawn Miller (who appears to be a California citizen) as either a manager or member. ECF No. 9 at 27.  It is not clear whether Miller is a member of that entity, which could demonstrate a lack of diversity from White, or a just a manager, which would not.  Sycamore's opposition to White's motion does not answer that question. ECF No. 11.  Nor does Sycamore disclose the identities and citizenships of the members of its ultimate parent entity.  If Sycamore believes complete diversity does not exist (thereby justifying the remand it seeks), one would think it would disclose its members' citizenships so the remand order could be affirmed.

On a related note, there is another pending case in this court involving these same parties (Case No. 2:22-cv-00199-RFB-NJK) that does not appear to assert a federal question.  Yet Sycamore does not dispute diversity jurisdiction in that case.  While Sycamore might want to keep that dispute in federal court but not this one, the parties cannot confer jurisdiction on the court where it does not exist.  Thus, there are significant questions whether this court can exercise diversity jurisdiction over this case.

Based on the foregoing, I will reopen this case, rescind my remand order, and allow jurisdictional discovery.  The parties will then brief the issue of jurisdiction.  In the alternative, Sycamore could voluntarily provide White proof of the identities and citizenships of its ultimate members.  The parties could then either stipulate to remand the case or file briefs as to why there is complete diversity.

I THEREFORE ORDER the clerk of the court to reopen this case.

I FURTHER ORDER that my August 4, 2022 order **(ECF No. 8) is rescinded**.

I FURTHER ORDER that the parties may conduct jurisdictional discovery until January 13, 2023. Absent a stipulation, White will file a brief explaining why complete diversity exists by January 27, 2023. Sycamore may respond by February 10, 2023, and White may file a reply by February 17, 2023.

DATED this 3rd day of November, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3