UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| 5AIF SYCAMORE 2, LLC,　　　　　　 | Case No.: 2:22-cv-01161-APG-NJK |
| 　　　Plaintiff | **Order Remanding Case to State Court** |
| v. | [ECF Nos. 13, 14] |
| JEAN WHITE, | |
| 　　　Defendant | |

　　　I previously remanded this case to state court. ECF No. 8.  I rescinded that remand order when I realized I had denied defendant Jean White the opportunity to fully address the issue of diversity jurisdiction. ECF No. 12.  I granted the parties the opportunity to conduct jurisdictional discovery, if needed, and re-brief whether complete diversity exists. *Id.*  Plaintiff 5AIF Sycamore 2, LLC (Plaintiff) now moves for relief from, or reconsideration of, my order rescinding the remand. ECF Nos. 13, 14.

　　　Plaintiff has filed declarations confirming that Shawn Miller is a citizen of California and a member of 5 Arch Group, LLC (a parent owner of Plaintiff).  White offers nothing to rebut those facts.  Thus, Plaintiff is considered a citizen of California. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (A limited liability company "is a citizen of every state of which its owners/members are citizens." ).  Because White is also a citizen of California, there is a lack of complete diversity between the parties.

　　　White contends that she served discovery requests on Plaintiff, two of which asked Plaintiff to "[a]dmit that this court has subject matter jurisdiction," and "[a]dmit that there is complete diversity between Plaintiff and Defendant." ECF No. 23-2 at 10.  Plaintiff did not respond to those requests, so White argues they must be admitted under Federal Rule of Civil

Procedure 36(a)(3). ECF No. 23 at 9. Plaintiff's counsel contends he never received the requests. ECF Nos. 25 at 8; 25-1 at 26. But even if those requests are deemed admitted, it would not matter. The parties cannot confer jurisdiction on the court where it does not exist. The unrebutted evidence demonstrates that Shawn Miller is a California resident and a member of Plaintiff's parent owner. Therefore, complete diversity is lacking and this court cannot exercise jurisdiction over this case.

Finally, White requests that I take judicial notice of her Second Amended Complaint (SAC) in a related federal court case (2:22-cv-199). ECF No. 24. She points out that her SAC in that case includes claims based on federal statutes. Federal Rule of Evidence 201(c) requires me to take judicial notice of the fact that White's SAC includes claims based on federal statutes. But that does not change the fact that *this* case involves no federal question and the parties are not completely diverse. Therefore, this court lacks jurisdiction over this case. My prior remand order was proper. I therefore again remand this case to the state court.

I THEREFORE ORDER that the Plaintiff's motions **(ECF Nos. 13, 14) are granted.**

I FURTHER ORDER that this case is remanded to the state court from which it was removed for all further proceedings. The clerk of the court is instructed to close this case.

DATED this 6th day of April, 2023.

                                                ANDREW P. GORDON
                                                UNITED STATES DISTRICT JUDGE